THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM E. BROWN,

                    Plaintiff,

vs.                                        Case No. 19-3152-SAC

DEBRA LUNDRY, et al.,

                    Defendants.

**O R D E R**

Plaintiff is an inmate at the Hutchinson Correctional Facility (HCF) and appears to have been such since he filed his civil rights complaint in this case on August 19, 2019. The court issued a screening order on January 21, 2020 and directed plaintiff to show cause why his claims should not be dismissed or file an amended complaint by February 20, 2020. Doc. No. 5. Plaintiff asked for an extension of time to amend the complaint. Doc. 6. This request was granted by the court (Doc. No. 7) and time was extended to March 27, 2020. Plaintiff did not file an amended complaint or otherwise show cause why the complaint should not be dismissed in the time he was given. Because plaintiff did not respond to the show cause order and for other reasons explained by the court, on April 2, 2020 this case was dismissed without prejudice. Doc. No. 8. The docket reflects that a copy of the order dismissing the case was mailed to plaintiff by regular mail.

1

This case is now before the court upon plaintiff's August 20, 2021 motion for relief from judgment.  Doc. No. 10.  Plaintiff states in the motion that he was informed by another HCF inmate on August 2, 2021 that the court's January 21, 2020 screening order was on Lexis Nexis.  Plaintiff claims that he had no other notice of the order from the court or otherwise "possibly due to COVID-19 [l]ockdown and transporting of [quarantined] inmates around the state."

The court shall treat plaintiff's motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6).[1]  There are six subparts to Rule 60(b).  Subparts (1), (2) and (3) are not operative here because plaintiff's motion was not filed within one year of judgment.  Fed.R.Civ.P. 60(c)(1).  Subparts (4) and (5) do not apply because plaintiff does not argue that the judgment is void or that the judgment has been satisfied, released or discharged, that it was based upon an earlier judgment that has been reversed or vacated, or that applying it prospectively is no longer equitable.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case."  Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal question marks omitted).  It is to be used only in extraordinary circumstances.  Liljeberg

---

[1] Plaintiff's motion references Fed.R.Civ.P. 60(d), in addition to Rule 60(b). The court finds that Rule 60(d) does not provide authority to order relief from judgment under the facts of this case.

v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)(quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). And it must be made within a reasonable time. Fed.R.Civ.P. 60(c)(1). Rather than showing "mistake, inadvertence, surprise or excusable neglect", which are covered by subpart (1), a movant who has failed to take timely action must show extraordinary circumstances suggesting that he is "faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 393 (1993); see also Ethan Michael Inc. v. Union Tp., 392 Fed.Appx. 906, 910 (3rd Cir. 2010); Permanent Charities Committee of Entertainment Industries v. RH Group, Inc., 1994 WL 684506 *2 (9th Cir. 1994).

Here, the record does not reflect that plaintiff was faultless in the delay in reacting to the court's show cause order and the delay in reacting to the court's dismissal order. The record shows that plaintiff had notice of the court's show cause order because plaintiff requested and received an extension of time to respond to the order. The record further shows that the Clerk of the Court mailed the court's orders to plaintiff's address at HCF. Plaintiff does not allege that his address ever changed or, if it did, that he informed the court of the change. The record also indicates that plaintiff has had access to the docket for this case via the electronic filing system. Additionally, plaintiff's motion

suggests that plaintiff has had access to computerized legal research which carried the court's show cause order.

Plaintiff has failed to demonstrate adequate grounds for relief under Fed.R.Civ.P. 60(b)&(d).   Therefore, plaintiff's motion for relief from judgment or to set aside judgment (Doc. No. 10) shall be denied.

**IT IS SO ORDERED.**

Dated this 26th day of August 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge